NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0035n.06
Filed: January 9, 2008

Case No. 06-6435

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ALETHA WILLS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| PENNYRILE RURAL ELECTRIC | ) | DISTRICT OF KENTUCKY |
| COOPERATIVE CORPORATION, d/b/a | ) | |
| PENNYRILE RURAL ELECTRIC | ) | |
| COOPERATIVE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BATCHELDER and GILMAN, Circuit Judges; STAFFORD[*], District Judge.

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff-Appellant Aletha Wills ("Wills") filed suit in federal court against Defendant-Appellee Pennyrile Rural Electric Cooperative Corporation ("Pennyrile") alleging employment discrimination based on race in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2, and the Kentucky Civil Rights Act, KRS § 344.040. The district court granted summary judgment in favor of Pennyrile, finding that Wills could not establish a prima facie case of race discrimination. Because we find that Wills failed to present any evidence that Pennyrile subjected her to an adverse employment action, we **AFFIRM**.

## I.

---

[*]The Honorable William H. Stafford, United States District Judge for the Northern District of Florida, sitting by designation.

## A.

Wills, an African-American woman, began working at Pennyrile as a customer service representative on July 2, 2001. She worked the 7:30am-4:30pm shift at Pennyrile, with the last 30 minutes of her shift devoted exclusively to operating the switchboard.

At some point, Wills became involved in a volunteer capacity with the Hopkinsville Human Relations Commission. In March 2004, Wills asked her supervisor, Vicky Palmer ("Palmer"), for permission to leave work ten minutes early on the first Tuesday of every month for her Committee meeting, which started at 4:30pm. Palmer relayed that request to Pennyrile President and CEO Eston Glover ("Glover"). Glover explained to Wills that, because the first week of the month is Pennyrile's busiest, and because a significant number of calls come in between 4:00pm and 4:30pm, Pennyrile could not afford to let Wills leave ten minutes early.

Wills was upset by Glover's refusal to allow her to leave early because Pennyrile let other employees leave early for similar reasons. Specifically, at the time of Wills's request, Pennyrile was permitting Emily Pyle, a white employee, to leave work 30 minutes early on the fourth Monday of every month to attend a museum board meeting. On October 4, 2004, however, Pennyrile stopped the practice of allowing employees to leave work early.

Wills filed an Equal Employment Opportunity Commission ("EEOC") complaint on January 11, 2005, with the Hopkinsville Human Relations Commission ("Commission"), alleging race discrimination. In an attempt to resolve the dispute, Glover met with Bernard Standard, director of the Commission. During that meeting, Glover told Standard that Pennyrile would be willing to let Wills leave early if the Commission would meet on a different day, during a less busy time of the month. Glover also offered Pennyrile's conference room, free of charge, for the Commission's

2

meetings so that Wills could get off work at 4:30pm and just walk down the hall to her meeting. Wills refused to accept either of those alternatives, saying that the only acceptable solution would be Pennyrile's permitting her to leave 10 minutes early on the first Tuesday of every month.

The Commission forwarded Wills's complaint to the EEOC, which attempted to mediate the dispute. Pennyrile agreed to mediation, but Wills did not. Wills informed the EEOC investigator that she would not settle her dispute unless Pennyrile fired Glover, Palmer, and human resources manager Michele Small. On May 13, 2005, the EEOC issued a right-to-sue letter.

**B.**

Wills filed this complaint, which also contained other causes of action that are not relevant to this appeal, on August 11, 2005. Pennyrile then filed a motion for summary judgment on all of Wills's claims, contending that there was no genuine issue of material fact and that Wills had not established a prima facie case of race discrimination. The district court granted Pennyrile's motion for summary judgment on October 3, 2006. Wills timely appealed.

**II. STANDARD OF REVIEW**

We review de novo a district court's grant of summary judgment, using the same standard applied by the district court. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In order to defeat a summary judgment motion, the nonmoving party must present "sufficient evidence to create a genuine issue of material fact." *Prebilich-Holland v. Gaylord Entm't Co.*, 297 F.3d 438, 442 (6th Cir. 2002) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990)). The nonmoving party must provide more than a scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 252 (1986). That is, the nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor. *Id*. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hartsel v. Keys*, 87 F.2d 1472, 1477 (6th Cir. 1989).

### III. ANALYSIS

Wills brings her action for racial discrimination in employment under both Title VII of the 1964 Civil Rights Act and the Kentucky Civil Rights Act. Title VII makes it unlawful — among other things — for an employer to discriminate against any individual with respect to the terms, conditions, and privileges of employment, on the basis of race. 42 U.S.C. § 2000e-2(a) (2007). We apply the same analysis to Wills's state and federal claims because the Kentucky Civil Rights Act mirrors Title VII. *Smith v. Leggett Wire Co.*, 220 F.3d 752, 738 (6th Cir. 2000) (citing *Kentucky Commission on Human Rights v. Kentucky*, 586 S.W.2d 270, 271 (Ky. Ct. App. 1979)).

Wills contends that Pennyrile's refusal to allow her to leave work ten minutes early on the first Tuesday of every month was because of her race. Wills has presented no direct evidence — such as a Pennyrile policy or a specific statement by a superior — that Pennyrile's action was because of her race. Rather, she has attempted to prove her claim by circumstantial evidence.

4

(Although her brief on appeal claims that she relies on direct evidence, the evidence she refers to is purely circumstantial.).

A Title VII plaintiff who has no direct evidence of racial discrimination, must follow the burden-shifting approach set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) and later modified in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). *Wright v. Murray Guard*, 455 F.3d 702, 706 (6th Cir. 2006). Hence, the plaintiff must first establish a prima facie case of discrimination, *Burdine*, 450 U.S. at 252-53, and, if she succeeds in doing so, she is entitled to a presumption that the employer discriminated against her, *Dicarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004) (citing *Burdine*, 450 U.S. at 254). The burden of production then shifts to the employer, who must articulate a legitimate, nondiscriminatory reason for the adverse treatment of which the employee complains. *Id*. (internal citations omitted). If the employer articulates a legitimate reason for its actions, the burden shifts back to the plaintiff to demonstrate that the employer's articulated reasons were merely a pretext, and not the true motive for the employer's actions. *Id*. at 414-15 (citing *Burdine*, 450 U.S. at 253). The plaintiff, however, bears the ultimate burden of persuasion, which requires that she demonstrate by a preponderance of the evidence that the employer acted with the intent to discriminate. *St. Mary's Honor Court v. Hicks*, 509 U.S. 502, 511 (1993). We turn first to the question of whether Wills established a prima facie case of race discrimination.

To establish a prima facie case of employment discrimination, Wills must show that: (1) she was a member of a protected class at the time of the discrimination; (2) she suffered an adverse employment action; (3) she was qualified for her position; and (4) she was treated differently than a similarly situated, non-protected employee. *Wright*, 455 F.3d at 707 (citing *DiCarlo*, 358 F.3d at

415). Pennyrile does not dispute that Wills is a protected racial minority, or that Wills was qualified for her job at the time of its refusal to allow her to leave work early. Pennyrile does dispute that it subjected Wills to an adverse employment action and that it treated a similarly situated, non-protected employee differently than it treated Wills.

In order to demonstrate that Pennyrile subjected her to an adverse employment action, Wills must show that Pennyrile changed the terms or conditions of her employment in a way that was materially adverse to her. *Hollins v. Atlantic Co.*, 188 F.3d 652, 662. To be materially adverse, a change must be of the magnitude of a termination of employment, a demotion, a decrease in salary, a material loss of benefits; it must be more than a mere inconvenience. *Id*. (citing *Crady v. Liberty National Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993)). Employment actions that are *de minimis* are not materially adverse, and are not actionable under Title VII. *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000).

Wills claims that she suffered an adverse employment action because Pennyrile did not allow her to leave work ten minutes early one day per month, which caused her to be late to the Commission meetings. In the summary judgment proceedings before the district court, Wills cited no case authority in support of the proposition that requiring an employee to work the regular hours of her job, with the result that the employee must be late to a voluntary community service meeting, is an adverse employment action. Nor does Wills provide any case law in support of that proposition in her brief on appeal. Wills's brief on appeal not only fails to cite a single case even discussing adverse actions by employers, it is entirely devoid of authority and argument regarding this element of the prima facie case.

6

The district court held that Pennyrile's refusal to permit Wills to leave ten minutes early one day each month was an inconvenience at most, and was not an adverse employment action. The court therefore concluded that Wills had failed to establish that element of her prima facie case. We find no error in the district court's conclusion; indeed, in our view, the action of which Wills complains may not rise to the level of *de minimis.*

Because Wills cannot show that she suffered an adverse employment action, she cannot establish a prima facie case of race discrimination. We therefore hold that the district court correctly granted summary judgment to Pennyrile.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.