NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0520n.06

No. 10-1138

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 26, 2011*

LEONARD GREEN, Clerk

ANGELA G. WORTHY,                          )
                                           )
          Plaintiff-Appellant,             )
                                           )   ON APPEAL FROM THE UNITED
v.                                         )   STATES DISTRICT COURT FOR THE
                                           )   EASTERN DISTRICT OF MICHIGAN
MATERIALS PROCESSING,                      )
INCORPORATED,                              )
                                           )
          Defendant-Appellee.              )


Before: SUTTON and COOK, Circuit Judges; GREER, District Judge.[*]

COOK, Circuit Judge. After being denied a restroom break during work, Angela Worthy,

a black female, charged her employer with discrimination and intentional infliction of emotional

distress. The district court held that Worthy's claims fail as a matter of law. We affirm.


I.


As an employee of Materials Processing, Inc. (MPI), Worthy inspected fuel tanks that passed

before her on an assembly line. To ensure that the line kept moving, and that each tank received

proper attention, MPI "ha[d] a rule . . . that [inspectors] ha[d] to have somebody to relieve [them]"

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

before they could take a break from their positions.

While working the late shift one evening, Worthy told her supervisor, Rashad Mafarjeh, that she needed to take a restroom break. Mafarjeh claimed that no one was available to relieve her. Worthy disagreed, and further pressed that she had a medical condition that made using the restroom an urgent matter. Mafarjeh did not believe her and insisted that she wait. Knowing that she could face termination if she left, Worthy remained on the line, and she proceeded to soil herself.

Pursuant to her collective bargaining agreement, Worthy filed a formal grievance in which she contested Mafarjeh's actions. Maureen Tanner, the head of human resources, apologized for not informing Mafarjeh of Worthy's condition, and assured her that such an incident would never happen again. The parties agreed to settle the matter with Worthy receiving two days' paid leave.

Worthy then sued MPI in federal court, alleging intentional infliction of emotional distress, and discrimination under state and federal law, *see* 42 U.S.C. §§ 2000e–2000e-17; Elliot-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2101–37.2804. The court granted summary judgment to MPI, holding that Worthy's civil-rights claims failed because she alleged no "adverse employment action," and that her collective bargaining agreement precluded her emotional-distress claim.

II.

On appeal, Worthy urges that a reasonable jury could conclude, on her evidence, that she established each of her claims. Taking a fresh look at the district court's summary-judgment

decision, and "constru[ing] all reasonable inferences" in Worthy's favor, we disagree. *See Michael v. Caterpillar Fin. Servs. Corp.* 496 F.3d 584, 593 (6th Cir. 2007).

A.

Worthy concedes that *McDonnell Douglas*'s burden-shifting framework applies to her discrimination claims. *See id.*; *Hazle v. Ford Motor Co.*, 628 N.W.2d 515, 520–21 (Mich. 2001); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). Under this framework, Worthy bears the initial burden of offering a threshold case of discrimination, which includes showing that she suffered an "adverse employment action"—a "materially adverse change in the terms or conditions of employment." *Michael,* 496 F.3d at 593 (internal quotation marks and citation omitted); *see also Hazle*, 628 N.W.2d at 521.

For the "adverse employment action" requirement, Worthy points to the denial of her restroom break. She argues that "MPI took away [her] right to go to the restroom," and claims that her embarrassment from the incident caused her attendance at work to decline.

Courts recognize adverse employment actions that are "of the magnitude of a termination of employment, a demotion, a decrease in salary, [or] a material loss of benefits," *Wills v. Pennyrile Rural Elec. Coop. Corp.*, 259 F. App'x 780, 783 (6th Cir. 2008), bypassing lesser examples like MPI's that "do not change [an employee's] salary, benefits, title, or work hours," even if they make the employee's job "significantly more difficult," *see Broska v. Henderson*, 70 F. App'x 262, 267

(6th Cir. 2003).  Without an adverse employment action on which to build her case, Worthy's discrimination claims fail as a matter of law.

B.

As for Worthy's emotional-distress claim, she must show, among other things, that MPI's actions amount to "extreme and outrageous conduct." *Doe v. Mills*, 536 N.W.2d 824, 833 (Mich. Ct. App. 1995).  Michigan's cases teach that such conduct must go beyond "insults, indignities, threats, annoyances, [and] petty oppressions," to rise to the level of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. at 833–34.

According to Worthy's version of the episode, Mafarjeh denied her a restroom break despite there being other workers available to replace her—an arguably cruel  "petty oppression," but not describable as something "atrocious and utterly intolerable in a civilized community." *Id.*

Because Worthy fails as a matter of law to establish a threshold case of intentional infliction of emotional distress, we need not address MPI's alternative argument—relied on by the district court—that her collective bargaining agreement bars this claim in any event.

III.

For these reasons, we affirm.